## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JOHNNY ANDERSON                                                                    PLAINTIFF

v.                                                                          No. 4:06CV13-D-B

CHRISTOPHER EPPS, ET AL.                                                          DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Johnny Anderson
(# 30035), who challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the
purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated
when he filed this suit.  The plaintiff alleges that the defendants have denied him adequate
medical care for his severe hemorrhoids.  For the reasons set forth below, the instant suit shall be
dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that he has had hemorrhoid difficulty for over thirty years.  Indeed,
his condition has required two surgeries:  one performed at the University Medical Center in
Jackson, Mississippi in 1978, another performed while the plaintiff was incarcerated at Sing Sing
Correctional Facility under the custody of the New York State Department of Correctional
Services.  The plaintiff began having severe hemorrhoid trouble once more in July 2005,while
again in the custody of the Mississippi Department of Corrections.  He submitted a sick call
request form on July 20, 2005, seeking treatment for painful bowel movements which caused his
hemorrhoids to bleed and protrude.  In response to the sick call request, the Mississippi
Department of Corrections sent the plaintiff to the Unit 32 clinic at the Mississippi State

Dockets.Justia.com

Penitentiary.  The plaintiff explained his difficulties in detail to the nurse, who issued the

plaintiff a stool softener, medication for stomach pains and cramps, and cream to relieve the pain

and swelling of hemorrhoids.  The plaintiff alleges that these medications did not relieve his

symptoms at all.  He has sent various letters and complaints to the Mississippi Department of

Corrections medical staff, but he has not submitted another sick call requests since July 2005.

The Mississippi Department of Corrections requires inmates to complete and submit a sick call

request to be scheduled for an appointment to see a prison physician.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff

must allege facts which demonstrate "deliberate indifference to the serious medical needs of

prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the

Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards

in intentionally denying or delaying access to medical care . . . ."  *Estelle v. Gamble*, 429 U.S. 97,

104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

The test for establishing deliberate indifference is one of "subjective recklessness as used in the

criminal law."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Under this standard, a state actor

may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would

establish that the official "knows of and disregards an excessive risk to inmate health or safety;

the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 838.  Only in

exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk.  *Id.*  Negligent conduct by prison officials does

not rise to the level of a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).  A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs.  *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's claims must fail.  He has received treatment the only time he has submitted a sick call request.  Although the plaintiff might prefer a surgical solution to his hemorrhoids, that disagreement with the treatment provided does not state constitutional claim.  In addition, the plaintiff has not submitted a sick call request form since July 20, 2005.  If he would like to be examined and treated by a doctor, he must follow the procedures established by the Mississippi Department of Corrections for securing such treatment.  The plaintiff may not complain that he has been denied treatment that he has not requested.

In sum, for the reasons set forth above, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the <u>19th</u> day of April, 2006.

 /s/ Glen H. Davidson
CHIEF JUDGE